

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-13-2008

# Luckett v. Folino

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1428

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Luckett v. Folino" (2008). *2008 Decisions.* Paper 1606.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1606

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1428

EDDIE L. LUCKETT,

Appellant

v.

LOUIS FOLINO, SUPERINTENDENT OF SCI-GREENE;
ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA;
DISTRICT ATTORNEY OF LACKAWANNA COUNTY

On Appeal of a Decision of the United States District Court
for the Middle District of Pennsylvania (No. 1:05-cv-01592)
District Judge: Sylvia H. Rambo

Submitted under Third Circuit L.A.R. 34.1(a)
February 11, 2008

Before:  CHAGARES and GREENBERG, *Circuit Judges*,
and POLLAK,* *District Judge*.

(Filed: February 13, 2008)

OPINION

---

* Honorable Louis H. Pollak, Senior Judge of the United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

POLLAK, *District Judge*

In this appeal, we must decide whether the District Court erred in dismissing appellant Eddie Luckett's *habeas corpus* petition because of Luckett's failure to exhaust his state remedies. Luckett admits that his state remedies are not exhausted, but argues that exhaustion should be excused because of the Commonwealth of Pennsylvania's delay in ruling on his application for post-conviction relief. For the reasons that follow, we will affirm.

I.

Because we write only for the parties, we relate only those facts necessary for our decision. In the Court of Common Pleas for Lackawanna County, Pennsylvania, Luckett was convicted of first degree murder, robbery, burglary, conspiracy to commit murder, conspiracy to commit robbery, conspiracy to commit burglary, and conspiracy to commit causing or risking catastrophe. He was sentenced in January 1999 to, *inter alia*, a term of life imprisonment.

Having exhausted his direct appeals, Luckett petitioned the Court of Common Pleas for post-conviction relief in December 2001. The court appointed counsel soon thereafter and held a hearing on the petition in August 2003. In February 2005, for reasons not apparent from the record, the court appointed new counsel. In August 2005, this new counsel moved for leave to amend the petition, and the court granted that motion. In October 2005, the court held a hearing on the amended petition. In December

2

2005, the judge presiding over Luckett's petition retired, and the case was reassigned.

Meanwhile, in August 2005, while his state petition for post-conviction relief was still pending, Luckett filed a *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 in the District Court for the Middle District of Pennsylvania. The District Court appointed counsel, and Luckett filed a second amended petition in February 2006. In June 2006, the District Court, noting that Luckett's state remedies were not exhausted, stayed the *habeas* action pending a resolution of Luckett's state petition for post-conviction relief. In January 2007, seeing no indication that the state petition would be resolved in short order, the District Court dismissed Luckett's *habeas* petition without prejudice to re-file once his state remedies were exhausted.

On Luckett's motion, this court granted a certificate of appealability on the issue of whether the District Court should have waived the exhaustion requirement in light of the state court's delay in acting on Luckett's petition. After the filing of this appeal, in April 2007, the Court of Common Pleas denied Luckett's petition for post-conviction relief. Luckett appealed to the Pennsylvania Superior Court, and that appeal, according to the Superior Court's docket, was submitted to a panel of the court without oral argument on January 22, 2008.

## II.

It is normally impermissible for a federal court to entertain a petition for a writ of *habeas corpus* before the petitioner's state remedies have been exhausted. *See* 28 U.S.C.

3

§ 2254(b) & (c). The exhaustion requirement, however, is not jurisdictional; rather, principles of comity dictate that the state should be afforded the first opportunity to consider a petitioner's arguments for post-conviction relief. *Lee v. Strickland*, 357 F.3d 338, 341 (3d Cir. 2004). We have waived the exhaustion requirement when undue delay renders a state remedy effectively unavailable. *Id.* at 344; *see also* 28 U.S.C. § 2254(b)(1)(B).

We acknowledge that Luckett has been subjected to an extraordinary, and seemingly unnecessary, delay in considering his state application for post-conviction relief. The Commonwealth argues that much of this delay is of Luckett's own making, and, indeed, that may be true. The record before us does not illuminate all of the reasons for the delay, but the fact remains that more than five years passed between Luckett's initial petition in December 2001 and the Court of Common Pleas' decision in April 2007. We have waived the exhaustion requirement for petitioners facing delays of substantially shorter length. *See, e.g.*, *Burkett v. Cunningham,* 826 F.2d 1208, 1210-11 (3d Cir.1987) (five year delay); *Wojtczak v. Fulcomer*, 800 F.2d 353, 356 (3d Cir. 1986) (33-month delay); *United States ex rel. Senk v. Brierley,* 471 F.2d 657, 660 (3d Cir.1973) (three-and-a-half year delay).

In deciding whether to waive the exhaustion requirement, however, we generally take into account recent progress in the state court. *Cristin v. Brennan*, 281 F.3d 404, 411 (3d Cir. 2002). When a previously stalled state action begins moving again, we generally

hold that a state remedy is, once again, available, and that the petitioner should exhaust it. *Id.* Here, the state petition for post-conviction relief has now been ruled upon, an appeal has been filed, and that appeal has been submitted to a panel of the Superior Court. Thus, we have every reason to expect an intermediate appellate decision within a few months. Because Luckett's state-court case is now nearing its final stages, and because the case now appears to be moving smoothly and quickly, we do not believe that a state remedy is effectively unavailable. Therefore, though we express concern about the delays in the early stages of Luckett's state petition, we are satisfied that, in light of recent progress, the exhaustion requirement should not be excused.

\* \* \* \* \*

For the foregoing reasons, we will affirm the District Court's order dismissing Luckett's *habeas* petition without prejudice to re-file once his state remedies are exhausted.