J-A10011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: TWENTY-SECOND INVESTIGATING GRAND JURY OF CHESTER COUNTY | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: JOHN WESLEY HARRIS | : : : : : : : | No. 2118 EDA 2019 |

Appeal from the Order Dated July 10, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s): 2091 MISC. 2019,
CP-15-CR-0004062-2018, Docket No. 22-02-01,
Investigation No. 2

BEFORE: BOWES, J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.: **FILED JULY 31, 2020**

John Wesley Harris appeals from the July 10, 2019 order that denied his petition to quash a grand jury subpoena issued to his wife.[1] Based on the following discussion, we quash this appeal as interlocutory.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Ordinarily, our Supreme Court exercises exclusive jurisdiction over matters pertaining to investigating grand juries and the subpoenas issued by such tribunals. **See** Pa.R.A.P. 3331(a)(2)-(5); 42 Pa.C.S. § 722(5). However, the High Court's purview does not encompass "issues that collaterally arise in a plenary criminal prosecution initiated by complaint, information or indictment." **Commonwealth v. Lang**, 537 A.2d 1361, 1363 n.1 (Pa. 1988) (citing Pa.R.A.P. 3331) (holding that the exclusive jurisdiction of the Supreme Court over appeals related to grand jury proceedings does not extend to a "criminal prosecution" that arose as part of an "independent investigation"). Here, Appellant's petition to quash a subpoena arose from an independent criminal prosecution. As such, the Supreme Court's exclusive jurisdictional ambit is not applicable here. **Id**.

This appeal concerns allegations that Appellant sexually assaulted his wife's best friend in their shared home during the overnight hours of June 2 and June 3, 2018. On October 18, 2018, the Commonwealth charged Appellant with rape, involuntary deviate sexual intercourse, sexual assault, indecent assault, tampering with or fabricating evidence, and aggravated indecent assault. On June 17, 2019, Appellant's wife was subpoenaed to appear as a witness before the Chester County Investigating Grand Jury.[2] Appellant filed a petition to quash the subpoena, claiming that the Commonwealth could not utilize the grand jury process "'for the primary purpose of strengthening the government's case on a pending indictment or as a substitute for discovery.'" Appellant's Petition to Quash, 7/9/19, at ¶ 6 (quoting *U.S. v. Jenkins*, 904 F.2d 549, 559-60 (10th Cir. 1990)).

A hearing was held before the trial court overseeing the grand jury proceedings. Ultimately, the trial court denied Appellant's petition on the grounds that, *inter alia*, Appellant lacked standing to challenge the subpoena.[3] *See* N.T. Hearing, 7/10/19, at 12-13. Although the trial court did not grant Appellant permission to appeal from this interlocutory order, an appeal

---

[2] We note that our determination in this case does not implicate spousal privilege, or touch upon the privity of matrimony.

[3] *Accord In re Pa. Crime Commission*, 309 A.2d 401, 406 (Pa. 1973) ("In our view, an individual's general interest in avoiding investigation does not, standing alone, afford him standing to object to the enforcement of a subpoena issued to a third party. Such a general interest is not of sufficient magnitude to allow intervention.").

followed nonetheless. Appellant and the trial court both complied with Pa.R.A.P. 1925. On November 13, 2019, this Court issued a rule to show cause upon Appellant as to why this appeal should not be quashed as interlocutory. **See** Pa.R.A.P. 341(a)-(b). On November 14, 2019, Appellant substantively responded by generally citing **Commonwealth v. Lang**, 537 A.2d 1361 (Pa. 1988).

Before we may consider the merits of this appeal, we must determine whether it is properly before us. "It is well-established that an appeal to this court will lie only from a final order, unless a right to appeal is expressly granted by statute or rule of court." **Blackman v. Katz**, 568 A.2d 642, 644 (Pa.Super. 1990); **see also** Pa.R.A.P. 341. This rule "promote[s] the fair and efficient administration of justice by discouraging multiple appeals in a single case and the consequent protraction of litigation." **Blackman**, **supra** at 644.

Our Supreme Court has held that, "[a]s a general rule, an order denying a motion to quash a subpoena is considered interlocutory and not subject to immediate appeal." **In re Twenty-Fourth Statewide Investigating Grand Jury**, 907 A.2d 505, 509 (Pa. 2006)). The High Court has also stated that orders denying third-party petitions concerning grand jury investigations are similarly interlocutory for appellate purposes. **Lang**, **supra** at 1363.

The lion's share of Appellant's arguments concerning finality baldly assert that the underlying order must be considered "final" under Rule 341. The sole substantive argument advanced by Appellant is an allusion to the aforementioned Supreme Court holding: "In reviewing final orders, the case

- 3 -

of [*Lang*] should be noted. In *Lang*, the [Supreme] Court allowed the challenge to the investigating grand jury to proceed in the context of [Appellant's] case." Appellant's brief at 52.

Appellant's reliance upon *Lang* is greatly misplaced. In *Lang*, the defendant sought the disclosure and review of grand jury testimony for the purposes of identifying any potential witnesses against him in connection with his then-pending prosecution for allegedly possessing and selling cocaine. The trial court granted his motion in part by providing him with transcripts of the testimony concerning the allegations against him, but denied his request to review the entirety of the transcripts for alleged exculpatory evidence. Our Supreme Court reviewed the case to consider "whether the lower court was correct in holding that an investigating grand jury may continue to investigate a case even after the subject of the investigation has been formally charged." *Lang, supra* at 1363. Ultimately, the Supreme Court upheld the trial court's holding. *Id*. at 1366 ("[T]he Investigating Grand Jury Act permits an investigating grand jury to investigate the criminal activities of an individual even after that person has been charged with a crime, and that in the context of our discovery rules, such an investigation does not violate due process.").

Setting aside the merits analysis in *Lang*, our Supreme Court also clearly found that the trial court's order denying the defendant's request for relief was interlocutory: "**Since the lower court's order is interlocutory**, the case arrived before this court by way of a certification of the lower court

that its holding involves a controlling question of law as to which there is substantial ground for difference of opinion." ***Id***. at 1363 (emphasis added).

Assuming, *arguendo*, that Appellant's petition to quash a subpoena is sufficiently similar to the relief sought in ***Lang***, there is no express certification from the trial court permitting an immediate appeal in Appellant's case. ***Cf***. Pa.R.A.P. 341(c) ("[T]he trial court or other government unit **may** enter a final order as to one or more but fewer than all of the claims and parties **only upon an express determination that an immediate appeal would facilitate resolution of the entire case**." (emphasis added)). Appellant's discussion fails to recognize this critical distinction. Overall, he has offered no cogent argument to bring this appeal within the ambit of ***Lang***.

As such, we will quash this appeal as interlocutory.[4] ***Accord In re Twenty-Fourth Statewide Investigating Grand Jury***, ***supra*** at 509; ***see also*** Pa.R.A.P. 341.

Appeal quashed.

Judge Shogan joins the memorandum.

Judge Pellegrini concurs in result.

---

[4] We also note that the collateral order doctrine is inapplicable. ***See*** Pa.R.A.P. 313 (permitting interlocutory appeals from "collateral orders," which are "separable from and collateral to the main cause of action"). In general, Pennsylvania courts "have declined to apply the collateral order doctrine and circumvent the typical path of challenging a subpoena" in the context of grand jury proceedings. ***In re Dauphin County Fourth Investigating Grand Jury***, 943 A.2d 929, (Pa. 2007) (citing ***In re Twenty-Fourth Statewide Investigating Grand Jury***, ***supra*** at 511). Here, Appellant has offered no argument pursuant to the collateral order doctrine.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/20