Steven **SCHANDELMEIER**

v.

Warden Richard **CUNNINGHAM.**

Appeal of Steve
**SCHANDELMEIER, Appellant.**

No. 86–3251.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Dec. 1, 1986.

Decided Dec. 2, 1986.

George F. Schumacher, Federal Public
Defender, Pittsburgh, Pa., for appellant.

Ellen L. Cohen, Blair County Dist. Attorney's Office, Hollidaysburg, Pa., for appellee.

Before ALDISERT, Chief Judge, WEIS, Circuit Judge, and FISHER, Judge.[*]

## OPINION OF THE COURT

ALDISERT, Chief Judge.

The question for decision in this appeal from a denial of federal habeas corpus is whether the district court erred in denying relief on the basis that Steven Schandelmeier has not exhausted his remedies in the state court system. The state court exhaustion requirement is mandated by statute under 28 U.S.C. § 2254(b) and has developed through decisional law in applying principles of comity and federalism as to claims brought under 28 U.S.C. § 2241. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 490–91, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973). "It has been settled for nearly a century that a state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts." *Duckworth v. Serrano,* 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam).

This doctrine requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See Picard v. Connor,* 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Serrano,* 454 U.S. at 3, 102 S.Ct. at 19; *see also Beaty v. Patton,* 700 F.2d 110, 112 (3d Cir.1983) (per curiam). Appellant argues in this appeal that this exception does apply here because there was no opportunity for him to obtain redress in the state court system.

### I.

Schandelmeier was arrested on various charges on December 11, 1980, including those resulting in Blair County Criminal Action Numbers 75 and 76 of 1981. He was charged with robbery, theft by unlawful taking or disposition, receiving stolen property, criminal conspiracy, recklessly endangering another person, carrying firearms without a license, and committing crimes with firearms. *See* app. at 19–20. He has been in continuous incarceration since his arrest. After a trial before the Court of Common Pleas of Blair County, Pennsylvania, on January 13, 1982, a jury found him guilty of robbery, theft by unlawful taking or disposition, receiving stolen property, and recklessly endangering another person on the charges at No. 76; robbery, theft by unlawful taking or disposition, receiving stolen property, criminal conspiracy, and recklessly endangering another person at No. 75. On January 19, 1982, Schandelmeier filed timely motions with the trial court for a new trial and arrest of judgment. Those motions had not yet been disposed at the time Schandelmeier instituted this action in federal court, but have now been decided.

Schandelmeier alleges that by letters he requested that the court timely sentence him. Presumably, those letters requested that his post-trial motions be heard and disposed, so that a sentence could be imposed, but the Commonwealth claims to have no knowledge of the alleged letters. In an opinion and order filed on October 22, 1986, Schandelmeier's post-trial motions were denied by the Court of Common Pleas of Blair County. Letter from District Attorney of Blair County (October 23, 1986) (transmitting *Commonwealth v. Schandelmeier,* Crim. Nos. 81–75 & 81–76 (Pa.C.P. Oct. 22, 1986)). It is significant that Schandelmeier has not filed any motion in a state court asserting a claim based on the state court's delay in deciding his post-trial motions or in sentencing him.

On January 2, 1986, Schandelmeier filed a pro se petition for habeas corpus in the federal system, alleging that he was being

---

[*] Honorable Clarkson S. Fisher, Chief Judge of the United States District Court for the District of New Jersey, sitting by designation.

held in violation· of the fifth, sixth, and fourteenth amendments to the United States Constitution. These violations were claimed to have arisen from the fact that Schandelmeier had not yet been sentenced on the charges at Nos. 75 and 76, notwithstanding that almost four years had elapsed since his conviction on those charges. None of these claims have been asserted in the state court system.

 The only actions taken by Schandelmeier to obtain state relief on the grounds asserted in his federal petition are the letters that he allegedly wrote to the trial court. As heretofore stated, the Commonwealth denies any knowledge of these letters and none are found in the appendix. Furthermore, these alleged letters are not sufficient for asserting speedy trial rights, see *Commonwealth v. Pounds*, 490 Pa. 621, 629, 417 A.2d 597, 600 (1980); *Commonwealth v. Glover*, 303 Pa.Super. 229, 449 A.2d 662 (1982), aff'd, 500 Pa. 524, 458 A.2d 935 (1983); they also cannot be deemed sufficient .to demonstrate exhaustion of state remedies. After receiving the Commonwealth's answer to Schandelmeier's petition, the United States Magistrate issued a report and recommendation on March 12, 1986, suggesting that Schandelmeier's petition be dismissed without prejudice for failure to exhaust state remedies. After conducting a de novo review, the district court adopted the magistrate's report and recommendation, and ordered that the petition for mandamus, as well as a certificate of probable cause, be denied. App. at 60–61. Schandelmeier has appealed the district court's order. We granted a certificate of probable cause and motion for appointment of counsel. In a federal habeas corpus proceeding, a determination that state remedies have not been exhausted involves the application and interpretation of legal precepts, and therefore receives plenary review on appeal. *Sullivan v. Cuyler*, 723 F.2d 1077, 1082 (3d Cir.1983).

### II.

The bases for Schandelmeier's post-trial motions were claims of trial errors and insufficiency of evidence. His habeas petition, however, is based entirely upon the delay in the state court's ruling on his motions, and the concomitant delay in sentencing him. The issue, then, is whether Schandelmeier should have raised his delay-based claim in the state courts in order to qualify for consideration in the federal court system.

 Schandelmeier argues that because sentence has not been imposed, he is unable to seek relief in the appellate courts of Pennsylvania. *See* Pa.R.App.P. 301, 341; *Commonwealth v. Bunter*, 445 Pa. 413, 282 A.2d 705 (1971). Nevertheless, we are persuaded that proceedings are available by which Schandelmeier could have brought his delay-based claim to the attention of the state courts. Under Rule 1122 of the Pennsylvania Rules of Criminal Procedure, Schandelmeier could have filed a written application to dismiss the charges with prejudice on the basis of the delay in the decision on his post-trial motions. *See Commonwealth v. Glover*, 500 Pa. 524, 527, 458 A.2d 935, 937 (1983); *see also United States ex rel. Geisler v. Walters*, 510 F.2d 887, 889 (3d Cir.1975). By doing so, Schandelmeier would have alerted the state courts to his delay-based claim. Schandelmeier did not take advantage of this procedure, and it cannot be said that the state courts were given an opportunity to consider his delay-based claim.

### III.

Appellant has conceded that he has not filed any petitions, applications, or motions with respect to his speedy trial claim in the state court but, as stated before, he asserts only that he wrote letters to the court to be timely sentenced, and the Commonwealth has denied receipt of these.

 Because Schandelmeier does not seem to have exhausted his state remedies, the question is reduced to whether he must have done so. By its terms, the exhaustion requirement of the habeas corpus statute may be excused if "there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the

rights of the prisoner." 28 U.S.C. § 2254(b). It is clear that inordinate delay in state procedures can require that the exhaustion requirement be excused. *See, e.g., Wojtczak v. Fulcomer,* 800 F.2d 353 (3d Cir.1986); *Codisposti v. Howard,* 589 F.2d 135 (3d Cir.1978). Schandelmeier argues that both the futility of his attempting to pursue state remedies, as well as the inordinate delay in his receiving a ruling on his post-trial motions and his being sentenced, require that exhaustion be excused.

We are severely troubled by this case. We are most distressed by the delay in the disposition of the post-trial motions and the delay in sentencing.

The writer of this opinion, as Circuit Chief Judge, has been alerted to the serious situation in the Blair County, Pennsylvania, Common Pleas Court. Because of vacancies there, and a recent resignation, the resident judges have been unable to keep current in criminal matters. Two United States Magistrates for the Western District of Pennsylvania have recently expressed concern to the Chief Judge of that district. By letter of November 7, 1986, one magistrate explained:

> At the present time I have two Blair County habeas corpus petitions pending before me. One of these ... has been considered on the merits, and the other ... involves a post-conviction petition which was filed nineteen months ago and heard and submitted to the court eleven months ago and no disposition has been made. In another case I had, the petitioner had already been in custody for four years and had not yet been sentenced although his minimum parole time had elapsed and a co-defendant had already been released from custody. These latter two cases appear to be the rule rather than the exception to practice in Blair, and present a continuous source of concern.

Another magistrate wrote on November 10, 1986:

> I mentioned to you that I am concerned that the resignation of Judge Behrens, from Blair County, will aggravate the problems we have experienced during the last several years in habeas corpus cases as a result of delays by the Court of Common Pleas of Blair County in disposing of pending criminal cases. You suggested that [the magistrates] should both provide you with specific information about pending habeas corpus cases from Blair County.

> . . . . .

> I believe a situation such as this presents a serious challenge to comity between our court and the county courts. I realize Blair County does have a serious problem with its backlog but we are required to enforce the defendants' right to a speedy trial under the Sixth Amendment.

> . . . . .

> I believe it would be better for us to let [Justice] Nix know of this problem so that hopefully he can arrange for Blair County to get additional help rather than for us to start ordering the release of Blair County prisoners because of speedy trial violations.

Because of these concerns we are directing the Clerk to send a copy of this opinion to the Honorable Robert N.C. Nix, Jr., Chief Justice of Pennsylvania.

We have decided, however, that relief is not indicated here. First, we note that Schandelmeier's post-trial motions have been adjudicated during the pendency of this appeal. Second, Schandelmeier did not file any motion in any state court asserting a speedy trial deprivation based on the delay in sentencing. Had the record indicated some tangible evidence of such action, a new gloss would have been put on this case. It is ripe for him to file such a motion in the state court, his post-trial motions having been adjudicated as of October, 1986. Such a motion or, at a minimum, a request for immediate sentencing should be presented without delay to the Pennsylvania post-trial motion judge assigned to his case. Moreover, should the state courts rule that he is now precluded from raising this issue, such a decision will serve as an exhaustion of state remedies to permit consideration of his claim in the federal system.

**56**

■ Under the circumstances, we believe that the normal rule of exhaustion of state remedies should be applied because there was, and is, an opportunity to obtain redress in the state court. We have yet to be convinced that the corrective process available in the state system is so clearly deficient as to render futile or ineffective any effort to obtain relief.

The judgment of the district court will be affirmed without prejudice to asserting a speedy trial claim in the state court system and without prejudice to returning to the federal courts after exhaustion of state remedies.