**John Spencer CARPENTER,
Petitioner–Appellant,**

v.

**L.L. YOUNG, Warden, Respondent–
Appellee.**

No. 94–5056.

United States Court of Appeals,
Tenth Circuit.

March 20, 1995.

---

John Spencer Carpenter, pro se.

Susan Brimer Loving, Atty. Gen. of Oklahoma, Alecia A. George, Asst. Atty. Gen., Oklahoma City, OK, for respondent-appellee.

Before BRORBY, LOGAN, and EBEL, Circuit Judges.

EBEL, Circuit Judge.

Petitioner John Carpenter appeals the district court's order of February 14, 1994, dismissing his habeas petition, brought pursuant to 28 U.S.C. § 2254, for failure to exhaust his state remedies.[1] The district court held that because petitioner had a pending direct criminal appeal in state court, he could not proceed in federal court. Petitioner argues, however, that the state's delay in adjudicating his appeal should excuse his failure to exhaust his state remedies.

The parties' briefs and the record indicate that a judgment of conviction and sentence were imposed against petitioner in Oklahoma state court on July 28, 1992, and petitioner filed a notice of appeal the same day. Because the record reflects that petitioner is represented by court-appointed counsel in his state appeal and more than two years have now passed since petitioner filed his notice of appeal, we conclude that petitioner's failure to exhaust his state remedies should be excused, unless the state can establish that the delay in adjudicating petitioner's appeal is justified. *See Harris v. Champion,* 15 F.3d 1538, 1556 (10th Cir. 1994).

On appeal, respondent acknowledges our holding in *Harris,* which involved indigent criminal defendants who were represented on appeal by court-appointed counsel, that delay in adjudicating a direct criminal appeal beyond two years creates a presumption that the state appellate process is ineffective and, therefore, that the defendant should be excused from exhausting his state remedies before proceeding in federal court. *Id.* Respondent contends, however, that because petitioner did not file his petition in error until January 28, 1993, petitioner's appeal has been pending in state court for less than two years.

Respondent's argument ignores our explicit holding in *Harris* that the two-year period should be calculated from the filing of the notice of appeal (unless a delay in filing the notice of appeal also is attributable to the state). *Id.* at 1556 & n. 9. Our holding comports with Oklahoma's rules, which provide that "[a]n appeal is commenced by filing

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

a written notice of intent to appeal and a designation of record, both to be filed within ten (10) days from the date the judgment and sentence is imposed." Okla.Stat. tit. 22, Ch. 18, App., Rule 2.1(B). Petitioner stated in his appellate brief that he filed his notice of appeal on July 28, 1992, and respondent has not refuted that statement. Thus, it appears that petitioner's appeal has been pending in state court for more than two years.[2]

■ Respondent also argues that the district court properly dismissed petitioner's habeas petition because petitioner has not shown sufficient prejudice from the delay in adjudicating his appeal to establish a due process violation. Whether a petitioner should be excused from exhausting state remedies due to delay in adjudicating his state appeal is a separate inquiry, however, from whether the petitioner also can establish a separate due process violation arising from the delay. A showing of prejudice is necessary only for the due process claim. See Harris, 15 F.3d at 1559. A petitioner can establish that delay in the state process has made the process ineffective and, therefore, that exhaustion should be excused, without having to establish that he has been prejudiced by the delay. See id. at 1556–57.

On remand, if petitioner's direct criminal appeal has not yet been decided, then the district court should excuse exhaustion, unless respondent can demonstrate that the delay in adjudicating petitioner's appeal beyond two years is constitutionally justified. The court should then either hear the merits of petitioner's claims or, if respondent is not able to rebut the presumption of prejudice which also arises from the two years of delay,[3] grant a conditional writ of habeas corpus.

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED, and the case is REMAND-ED for further proceedings. The mandate shall issue forthwith.

---

2. In fact, more than two years have now passed since the petition in error was filed.

3. We recently held in Harris v. Champion, 48 F.3d 1127, 1132 (10th Cir. 1995), that delay in excess of two years in adjudicating a direct criminal appeal that is attributable to the state will give rise to a rebuttable presumption of prejudice. Thus, the district court may be able to find a due process violation and issue a conditional writ if the state is unable to rebut the resulting presumption of prejudice. Whether the district court chooses to hear the merits of petitioner's claims or, if prejudice has been established, grant a conditional writ is within the court's discretion. Id.