Benninghove v. Dept. of Corrections    CV-96-578-B    12/10/96

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**

<u>James Benninghove</u>

         v.                                    Civil No. 96-578-B

<u>Commissioner, Department of</u>
<u>Corrections</u>

## <u>REPORT AND RECOMMENDATION</u>

James Benninghove's petition for a writ of habeas corpus has become before me for preliminary review pursuant to Habeas Rule 4 and Local Rule 4.3(d)(1).  Upon consideration, I recommend dismissal for lack of exhaustion of state remedies.  <u>See</u> Fed. R. Civ. P. 12(b)(1).

From the face of the petition, it is clear that the allegations set forth therein are now pending before the New Hampshire Supreme Court in the form of petitioner's appeal of the state superior court's denial of his motion to withdraw his plea. <u>See</u> Petition for Writ of Habeas Corpus at 6.  The petition therefore is premature in that state remedies have not yet been exhausted.  While petitioner is understandably frustrated at the state's delay in responding to his arguments, delay of the magnitude here at issue cannot, at this time, justify this court's assuming jurisdiction over this case absent exhaustion. If, however, the New Hampshire Supreme Court has not ruled on the

matter by February 6, 1997, Petitioner may refile with this court and receive the benefit of a rebuttable presumption that the state's appellate process is ineffective, thereby excusing Petitioner from the exhaustion requirement.  Cf. Carpenter v. Young, 50 F.3d 869, 870-71 (10th Cir. 1995).

Because "it plainly appears from the face of the petition and [the] exhibits annexed to it that the petitioner is not entitled to relief in the district court" because he has not yet exhausted his state law remedies, see Habeas Rule 4, I recommend that the petition (document no. 1) be summarily dismissed, see id. Any objection to this report and recommendation must be filed within ten days of receipt of this notice.  Failure to file an objection within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: December 10, 1996

cc:   James Benninghove, pro se
      The Office of the Attorney General, State of New Hampshire
      Howard J. Zibel, Clerk, New Hampshire Supreme Court

2