**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 24 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BENITO NEGRON,

      Petitioner-Appellant,

v.

CHARLES RAY, Warden;
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 99-1592

No. 00-1052
(D.C. No. 99-Z-2168)
(D.Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Benito Negron, a prisoner at the Bent County Correctional Facility at Las Animas, Colorado, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Because Negron's direct appeal is still pending before a Colorado appellate court, the district court dismissed Negron's habeas petition without prejudice for failure to exhaust state remedies. The district court also denied Negron's requests for a certificate of appealability ("COA") and for leave to proceed in forma pauperis on appeal. We deny Negron's request for a COA and dismiss Negron's appeals.

The Supreme Court's recent decision in Slack v. McDaniel, 120 S. Ct. 1595 (2000) controls our analysis of Negron's request for a COA. In most cases, 28 U.S.C. § 2253(c)(2) requires a prisoner to make a "substantial showing of the denial of a constitutional right" to obtain a COA. When a district court denies a prisoner's request for a COA on procedural grounds without reaching the merits of the prisoner's claims – as the district court in this case did when it dismissed Negron's petition for failure to exhaust state court remedies – a slightly different standard applies. In these circumstances, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604 (relying on Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Each component of this showing "is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more

2

apparent from the record and arguments."   Id.  The maxim that a court will not pass upon a constitutional question when a case can be resolved on other grounds "allows and encourages the court to first resolve procedural issues."   Id. (citing Ashwander v. TVA, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring)).

"Jurists of reason" would not find it debatable whether Negron exhausted his state court remedies before seeking habeas relief.  "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.  In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."   O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999);   accord Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999).  This exhaustion requirement is satisfied if the issues raised in the petition "have been 'properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack.'"   Brown, 185 F.3d at 1124 (quoting   Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994)).  Negron does not dispute that the direct appeal of his conviction remains pending.  As a result, Negron has not had an opportunity to present the issues raised in his habeas petition to the Colorado Supreme Court.

Negron's argument that he should be exempt from the exhaustion requirement is unconvincing.  Negron claims that he has been subjected to

"inordinate delays" during the course of his state court appeal, and that these delays make the state appellate process "ineffective." It is true that "[i]nordinate and unjustified delay by the state in adjudicating a direct criminal appeal can 'make the state process ineffective to protect the petitioner's rights.'" Harris v. Champion, 48 F.3d 1127, 1132 (10th Cir. 1995) (citation and one set of internal quotation marks omitted). A delay of more than two years in adjudicating a direct criminal appeal "creates a presumption that the state appellate process is ineffective." Carpenter v. Young, 50 F.3d 869, 870 (10th Cir. 1995); accord Harris, 48 F.3d at 1132. Here, however, the record indicates that Negron filed his notice of appeal in the state court case on May 26, 1999. The delay of almost 12 months Negron has experienced undoubtedly has been frustrating, but it is insufficient to suspend the exhaustion requirement.

Negron's motion for leave to proceed in forma pauperis is GRANTED. Negron's request for a COA is DENIED and the appeals are DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4