**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 4 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM LOGGINS,

      Petitioner-Appellant,

v.

STATE OF KANSAS,

      Respondent-Appellee.

No. 00-3117
(D.C. No. 00-CV-3109)
(Kansas)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

      William Loggins, a state inmate appearing pro se, appeals the district

court's dismissal of his habeas corpus petition under 28 U.S.C. § 2254 and its

denial of his request for a certificate of appealability (COA).  The district court

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

dismissed Mr. Loggins' habeas petition without prejudice for failure to exhaust state remedies because his state habeas petition was still pending before a Kansas court at that time. The district court also denied Mr. Loggins' motion for reconsideration and request for a certificate of appealability, but did grant him leave to proceed in forma pauperis on appeal. We deny Mr. Loggins' request for a COA and dismiss this appeal.

Mr. Loggins was convicted on November 9, 1999, approximately nine months ago. His sentencing has been continued, however, to correspond with another pending criminal case. Mr. Loggins remains incarcerated while awaiting his sentencing. The basis of Mr. Loggins' state petition and the present federal petition is the state's failure to sentence him which, consequently, forecloses his ability to appeal the conviction. He therefore contends the state process is "ineffective,"[1] and has requested this court to intervene.

As the district court correctly pointed out, Mr. Loggins must exhaust his state remedies prior to filing a habeas petition under § 2254. *See* 28 U.S.C. § 2254(b)(1)(A). The state court must be given the opportunity to review Mr. Loggins' conviction on direct appeal. It is true that "inexcusable or inordinate

---

[1]When Mr. Loggins filed this appeal, the Kansas courts had not yet responded to his state habeas petition. Recently, Mr. Loggins forwarded an order from the Kansas state district court dated June 14, 2000, denying his state petition complaining about the delay in sentencing.

delay by the state in processing claims for relief may 'make the state process ineffective to protect the petitioner's rights and excuse exhaustion.'" *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994) (citations omitted). We have held a delay of more than two years in adjudicating a direct criminal appeal "creates a presumption that the state appellate process is ineffective." *Carpenter v. Young*, 50 F.3d 869, 870 (10th Cir. 1995); *accord Harris v. Champion*, 48 F.3d 1127, 1132 (10th Cir. 1995). Assuming that a delay of sentencing which causes an "appellate delay" is subject to the same rule, the nine months which have passed here, while undoubtedly frustrating for Mr. Loggins, is insufficient to suspend the exhaustion requirement.

Because Mr. Loggins' claims have not yet been presented to the state courts on direct appeal, we agree with the district court that Mr. Loggins has not yet exhausted his state remedies. For this reason, we **DENY** Mr. Loggins' request for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge