RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 05a0139p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

VICTOR TURNER,

        *Petitioner-Appellant,*

    *v.*

       No. 03-3130

MARGARET BAGLEY,

        *Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 01-00656—Solomon Oliver, Jr., District Judge.

Argued: December 7, 2004

Decided and Filed: March 21, 2005

Before: GUY and COLE, Circuit Judges; TARNOW, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Shay Dvoretzky, JONES DAY, New York, New York, for Appellant. Diane R. Brey, OFFICE OF THE ATTORNEY GENERAL, Columbus, Ohio, for Appellee. **ON BRIEF:** Shay Dvoretzky, JONES DAY, New York, New York, Sandra J. Finucane, DEREK A. FARMER & ASSOCIATES, Columbus, Ohio, for Appellant. M. Scott Criss, OFFICE OF THE ATTORNEY GENERAL, Columbus, Ohio, for Appellee.

    TARNOW, D. J., delivered the opinion of the court, in which COLE, J., joined. GUY, J. (p. 10), delivered a separate opinion concurring in part and dissenting in part.

_____

## OPINION

_____

    ARTHUR J. TARNOW, District Judge. Victor Turner appeals from the district court's denial of his petition for *habeas corpus* under 28 U.S.C. § 2254. Turner argues that the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) should be excused due to the failure of his state-appointed attorneys and the Ohio State Court of Appeals to adjudicate his direct appeal for more than eight years following his conviction. The respondent State of Ohio argues that Turner's petition was properly dismissed because the Ohio Court of Appeals subsequently affirmed his conviction while

_____

    [*]The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

his appeal from the district court's dismissal of the petition for *habeas corpus* was pending in this Court. In addition, the respondent contends Turner did not exhaust his state remedies by failing to go to the Ohio Supreme Court. The issue on appeal is whether the district court properly dismissed Turner's *habeas corpus* petition for lack of exhaustion. For the reasons that follow, we conclude that dismissal was not proper. Therefore, we REVERSE the judgment of the district court and grant an unconditional writ of *habeas corpus*.

## I.  Factual Background

### A.  State Court Proceedings Prior to Turner's *Habeas Corpus* Petition

On May 14, 1993, Turner was convicted of four counts of aggravated robbery, with firearms specifications as to each count, by a jury in the Mahoning County, Ohio Court of Common Pleas. On May 19, 1993, Turner filed a direct appeal in the Ohio Seventh District Court of Appeals ("court of appeals") through his appointed trial counsel. On June 14, 1993, Turner requested court-appointed appellate counsel. The trial court granted Turner's request and appointed appellate counsel (attorney #1). On November 2, 1993, based on disagreements with attorney #1, Turner moved to file his own assignments of error. On November 24, 1993, the court of appeals ordered that Turner's pleading be filed as part of the record of his appeal.

On February 8, 1994, Turner filed a motion to compel his attorney to produce certain documents and complained to the court of appeals that his attorney was not representing him. The court of appeals denied Turner's motion and ruled that attorney #1 should continue to represent him.

One year after filing his direct appeal, Turner continued to disagree with attorney #1. On June 1, 1994, Turner moved for leave to file a supplemental brief with the appellate court, seeking to raise assignments of error he felt his attorney "may not raise." The court denied Turner's motion on June 30, 1994, ruling that Turner and attorney #1 should "work together" to file a brief.

On October 11, 1994, Turner wrote a letter to attorney #1 in which he stated that he was "completely lost," and "[did] not know what to do, or just how to proceed."

On September 20, 1995, more than two years after being appointed to represent Turner on appeal, attorney #1 moved to withdraw, citing "irreconcilable differences" but giving no details. Apparently the differences between Turner and attorney #1 centered on counsel's expectation that Turner would draft his own brief on the speedy trial issue, despite Turner's insistence that he did not feel qualified to write a brief on the issue. The court of appeals granted attorney #1's motion to withdraw. As of the time of his withdrawal, attorney #1 had not filed any assignments of error or a brief on Turner's behalf. On September 27, 1995, the court of appeals appointed a second appellate attorney (attorney #2).

On January 20, 1996, Turner wrote a letter to attorney #2 stating, "I am at my wits end. I feel as if I am a ship stuck in the middle of the ocean...Please, please help me..."

Nearly four months later, and approximately three years after Turner filed his direct appeal, attorney #2 filed a motion to withdraw based on "irreconcilable differences" but giving no details. Attorney #2 had written one letter to Turner, on December 29, 1995, but did not otherwise contact him, much less attempt to speak with him, during the eight months in which she was his attorney. On September 16, 1996, the court of appeals granted attorney #2's motion to withdraw and appointed a third attorney (attorney #3) to represent Turner on appeal.

On May 12, 1998, the court of appeals ordered that Turner's direct appeal would be dismissed on June 1, 1998 if not prosecuted further.

On October 26, 1998, the court of appeals again ordered attorney #3 that it would dismiss Turner's direct appeal unless he filed assignments of error and a brief on or before November 20, 1998. On March 8, 1999, the court of appeals ordered that it would dismiss the appeal if Turner did not file assignments of error and a brief by March 24, 1999. As of May, 1999, neither of these pleadings had been filed. Nevertheless, the court of appeals did not dismiss Turner's appeal.

On August 16, 2000, the State of Ohio filed a motion to dismiss Turner's appeal for failure to prosecute. Attorney #3 filed a brief in opposition to the state's motion on August 28, 2000 and asked for a continuance to September 29, 2000. At that time, he had been Turner's appointed lawyer for approximately five years, but had failed to file an appellate brief.

Six months later, on February 20, 2001, the court of appeals granted the State of Ohio's motion to dismiss Turner's direct appeal for want of prosecution.

On March 12, 2001, Turner, through attorney #3, moved to reinstate the appeal. Attorney #3 also requested to withdraw as counsel.[1] The only basis for attorney #3's motion to withdraw was his desire to become a full-time college student in the fall semester of 2001. The record indicates that attorney #3 did not contact Turner at all during his years as Turner's attorney.

Two years later, on March 18, 2003, the state court of appeals granted Turner's request and reopened the appeal. The state court also granted attorney #3's request to withdraw. The state court then named the Ohio Public Defender (attorney #4) as counsel for Turner, but attorney #4 moved to withdraw less than a month following its appointment.

The state court of appeals granted the public defender's motion and immediately appointed a fifth attorney (attorney #5) to represent Turner. On June 17, 2003, attorney #5 filed a brief on Turner's behalf, following one motion for extension of time. On October 27, 2003, Turner was paroled.

## B. Federal Court Proceedings

On March 19, 2001, Turner filed a petition for *habeas corpus* under 28 U.S.C. § 2254. At that time, Turner's direct appeal in state court had been dismissed for want of prosecution. Turner's petition raised nine grounds. Grounds one and two alleged denial of his right to a speedy trial. Ground three alleged racial discrimination in jury selection. Ground four alleged denial of a speedy appeal and ineffective assistance of appellate counsel. Ground five alleged excessive delay in considering Turner's post-conviction petition. Ground six alleged ineffective assistance of trial counsel. Ground seven alleged due process violations regarding evidence at trial. Ground eight alleged denial of a fair trial regarding eye witnesses. Ground nine alleged breach of an agreement not to prosecute Turner.

Magistrate Judge Jack B. Streepy recommended that Turner's petition be conditionally granted. On the question of exhaustion under 28 U.S.C. §2254(b)(1)(A), Magistrate Judge Streepy concluded:

> In this case, three different attorneys were appointed to represent Turner, none of whom filed assignments of error or a supporting brief. While the appellate court docket has not been provided, it reasonably appears that in the elapsed time each attorney was appointed he/she should have filed these documents. Nonetheless,

---

[1]As discussed in more detail below, Turner filed his petition for *habeas corpus* on March 19, 2001, while his motion to reinstate his appeal and attorney #3's motion to withdraw were pending. These motions were granted by the state court in March of 2003, two years after Turner filed his *habeas* petition.

during most of the seven and one-half years, the appellate court did not order counsel to follow the rules and did not sanction any of the three attorneys. Although Turner filed eight assignments of error in November of 1993 (approximately six months after he filed his direct appeal), and the appellate court stated that filing was part of the record, thereafter the court denied Turner's motion to file a supplemental brief to raise errors that his first appointed attorney might not raise, stating Turner and his attorney "should work together." The court ultimately sanctioned Turner by dismissing his appeal despite the fact the failure to file was due almost exclusively to the failures of his appointed attorneys.

The above delay must be attributed to the state, and it constitutes an inordinate delay. Thus, the failure of Turner to exhaust state remedies is excused.

FN 3. Any alleged state procedural violation is not well taken since Turner's appellate attorneys on direct appeal failed to file an assignment of errors or supporting brief for over seven years, and the appellate court ultimately refused to permit Turner to raise issues *pro se*.

Joint Appendix, pp. 8-9.

As to the merits of Turner's petition, Magistrate Judge Streepy only addressed ground four, which alleged excessive delay in Turner's direct appeal and ineffective assistance of appellate counsel. The magistrate judge concluded that the right to a speedy appeal has not been established by a decision of the Supreme Court. However, the magistrate judge recommended that Turner's petition should be conditionally granted because "each of Turner's three appointed attorneys on appeal rendered ineffective assistance" by repeatedly failing to file a brief in his direct appeal.

On December 18, 2002, the district court rejected the magistrate judge's report and recommendation and dismissed Tuner's petition for failure to exhaust state remedies. The district court did not address the merits of the petition.

Turner timely appealed the dismissal of his petition to this Court. On appeal in this Court, Turner is represented by newly-assigned counsel (attorney #6)

## C.  The Decision of the Ohio Court of Appeals Following the Dismissal of Turner's *Habeas* Petition by the District Court

Nearly eleven years after filing his direct appeal, on March 19, 2004, the Ohio Court of Appeals affirmed Turner's conviction, apparently without oral argument. *See State v. Turner*, No. 93-CA 91; 2004 WL 614808 (Ohio App. Mar. 19, 2004). The Ohio Court of Appeals held that: (1) Turner was not denied a statutory right to a speedy trial; (2) Turner was not denied a constitutional right to a speedy trial; (3) Turner's conviction was supported by sufficient evidence; (4) Turner's conviction was not against the manifest weight of the evidence; (5) Turner was not deprived of a fair trial by the prosecutor's statements concerning a prior prosecution against Turner; (6) the prosecutor adequately supported peremptory strikes with race-neutral explanations; and (7) Turner did not establish that he was denied a speedy appeal. Turner has not sought leave to appeal in the Ohio Supreme Court.

## D.  Procedural Time Line

The foregoing factual background results in the following procedural time line:

5/14/93                    Turner convicted

| | |
|---|---|
| 5/19/93 | Turner files direct appeal |
| 6/14/93 | Trial court appoints attorney #1. |
| 11/2 and | Turner files his own assignments |
| 11/24/93 | of error on the record. |
| 2/8/94 | Turner files motion to compel attorney #1 to produce documents; complains to court of appeals that attorney #1 is not representing him. |
| 6/1/94 | Turner moves for leave to file *pro se* supplemental brief re: issues attorney #1 might not raise. |
| 6/30/94 | Court of Appeals denies Turner's motion for leave to file a supplemental brief. |
| 10/11/94 | Turner writes to his attorney, stating that he is "lost." |
| 9/20/95 | Attorney #1 moves to withdraw. Motion granted on 9/27/95. |
| 1/20/96 | Turner writes to attorney #2 to state that he is at his "wits end." |
| 9/16/96 | Attorney #2 withdraws. Attorney #3 appointed. |
| 5/12/98 | Court of Appeals orders that appeal will be dismissed if not prosecuted further by 6/1/98. |
| 10/26/98 | Court of Appeals orders that appeal will be dismissed unless assignments of error and brief filed by 11/20/98. |
| 3/8/99 | Court of Appeals orders that appeal will be dismissed unless assignments of error and brief filed by 3/24/99. |
| 8/16/00 | State files motion to dismiss for failure to prosecute. |
| 8/28/00 | Attorney #3 files response to motion to dismiss. |
| 2/20/01 | Direct appeal dismissed for failure to prosecute based on failure of attorney #3 to file a brief. |
| 3/12/01 | Attorney #3 moves to reinstate appeal and moves to withdraw as counsel to go back to school. |
| 3/19/01 | Turner files petition for *habeas corpus*. |
| 12/18/02 | District Court dismisses Turner's *habeas* petition; Turner appeals dismissal to this Court. |

| | |
|---|---|
| 3/18/03 | State court reinstates Turner's direct appeal and grants attorney #3's motion to withdraw and appoints public defender as attorney #4. |
| 4/03 | Attorney #4 withdraws; state court appoints attorney #5 to represent Turner. |
| 6/17/03 | Attorney #5 files appellate brief in Turner's direct appeal. |
| 3/19/04 | Court of Appeals affirms Turner's conviction on direct appeal. |

## II. Standard of Review

In reviewing the district court's denial of Turner's petition for a writ of *habeas corpus*, we review its legal conclusions *de novo* and its factual findings for clear error. *Towns v. Smith*, --F3d.--, 2005 WL 27148 (6th Cir. 2005).

## III. Discussion

## A. The Exhaustion Requirement

An application for a writ of *habeas corpus* by a state prisoner shall not be granted unless the petitioner has exhausted available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b) and (c). This Court has also held that a *habeas* court should excuse exhaustion where further action in state court "would be an exercise in futility." *Lucas v. People of the State of Michigan*, 420 F.2d 259, 262 (6th Cir. 1970) (holding that "such a judicial runaround is not mandated" by the exhaustion requirement). In this case, we are concerned with whether the delay in the adjudication of Turner's appeal, accompanied by the failure of his appointed attorneys to file a brief on his behalf, rendered the state process ineffective or inadequate to protect his federal constitutional rights such that the exhaustion requirement should be excused.

The exhaustion requirement is based on principles of comity and federalism. It provides state courts an opportunity to address alleged flaws in their criminal procedures. The requirement is based on the presumption that states maintain adequate and effective remedies to vindicate federal constitutional rights. *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992) ("[T]he principle that federal courts should defer to state courts in the interest of comity assumes that the state courts will give prompt consideration to claims of violation of constitutional rights."). The record indicates that the Ohio state courts did not give prompt consideration to Turner's claims. Therefore, Turner's petition defeated the presumption of adequate and effective remedies at the state level. The district court's dismissal of Turner's petition undermined the fundamental purpose of the exhaustion requirement by denying federal review to claims that were wrongfully ignored by the Ohio courts.

In *Workman v. Tate*, *supra*, this Court held that a *habeas corpus* petitioner's failure to exhaust state remedies should be excused where his "petition for post-conviction relief has languished in state court for more than three years." *Workman*, 957 F.2d at 1344. This court reasoned that the state court's inordinate delay in adjudicating the petitioner's claims rendered the state procedures "ineffective or inadequate" and thus "undercut" the foundation of the exhaustion requirement. *Id*. at 1344; *see also Moore v. Egeler*, 390 F. Supp. 205, 207-08 (E.D. Mich. 1975) (Holding that "in order to render [petitioner's] State remedies truly effective" the exhaustion requirement should be excused for the purposes of court's *habeas* jurisdiction.)

In *Harris v. Champion*, 938 F.2d 1062, 1066 (10th Cir. 1991), the Court of Appeals for the Tenth Circuit held that the failure of the Oklahoma public defender to pursue the petitioner's state court appeal excused the petitioner from satisfying the exhaustion requirement of 28 U.S.C. §2254 where such failure resulted in a projected four-year delay in the petitioner's case.

In this case, based on the reasoning of this Court in *Workman* and the Tenth Circuit in *Harris*, the magistrate judge recommended that Turner's failure to exhaust state remedies be excused and that his petition for *habeas corpus* be granted on grounds of ineffective assistance of appellate counsel.   In rejecting the magistrate judge's report and recommendation, the district court distinguished the present case from *Workman* based on the fact that in this case, the state court had dismissed Turner's appeal.  The district court concluded:

> [The *Workman*] exception...does not appear to have been extended to circumstances where the state court has ruled on a petitioner's appeal, despite taking an "inordinate" amount of time to do so.

JA 690.  We conclude that the district court improperly distinguished *Workman* because in this case, the state court dismissed Turner's direct appeal for want of prosecution rather than addressing his appeal on the merits.

The district court's decision to dismiss Turner's petition rests on two cases–*Carpenter v. Young*, 50 F.3d 869 (10th Cir. 1995) and *Schandelmeier v. Cunningham*, 819 F.2d 52 (3rd Cir. 1986).  Both cases are inapposite because at the time of the district court's decision in this case, the state court of appeals had not "ruled on" Turner's appeal by addressing the merits of the appeal.

In *Carpenter v. Young*, 50 F.3d 869 (10th Cir. 1985), the Court of Appeals for the Tenth Circuit applied the rule stated in *Harris v. Champion*, *supra* and held that the exhaustion requirement should be excused and the petitioner entitled to *habeas* relief unless the state could justify the two-year delay in adjudicating his appeal.  *Carpenter*, 50 F.3d at 870.

In *Schandelmeier v. Cunningham*, 819 F.2d 52 (3rd Cir. 1986), the Court of Appeals for the Third Circuit held that because the petitioner's post-trial motions had been ruled upon by the state trial court during the pendency of his federal appeal, the exhaustion requirement should not be excused.

Turner's case is entirely different from those of the petitioners in *Carpenter* and *Schandelmeier*.  At the time of the district court's decision in this case, Turner's state court appeal had been dismissed for failure to prosecute and had not been considered on the merits.  The district court's conclusion that the state court of appeals "ruled on" Turner's appeal was erroneous in light of the posture of Turner's state court appeal at the time the district court reviewed his *habeas corpus* petition.

The remaining issue before this Court is whether the subsequent decision of the state court of appeals, which affirmed Turner's conviction on the merits, constitutes a "ruling" which renders Turner's speedy appeal claim and effective assistance claim moot, that is, whether the exhaustion requirement has been met by providing Turner with an opportunity to obtain redress in state court. *See State v. Turner*, No. 93 CA 91; 2004 WL 614808 (Ohio App. March 19, 2004).  The state court's decision was too late.  We hold that it does not render the speedy appeal or effective assistance of appellate counsel issues moot, and exhaustion should be excused as to all issues raised.

Like the petitioners in *Workman* and *Harris*, *supra*, Turner's claim of appeal in the Ohio state court system languished for years without adjudication. The attorneys appointed by the state

failed to prosecute his appeal, and the state court of appeals failed to insure timely representation. On the contrary, the state court continually postponed Turner's appeal by allowing four different attorneys to withdraw from the case without filing briefs. It allowed Turner's appeal to remain on the docket for nearly eleven years without meaningful attention. In cases such as Turner's "failures of court-appointed counsel and delays by the court are attributable to the state." *Coe v. Thurman*, 922, F.2d 528, 531-32 (citing *Barker v. Wingo*, 407 U.S. at 531 ("the ultimate responsibility for such circumstances [as negligence or overcrowded courts] must rest with the government rather than with the defendant.")).

At the time he filed his federal *habeas corpus* petition, Turner was without recourse in state court. A *habeas* petitioner such as Turner who makes "frequent but unavailing requests to have his appeal processed" in state court is "not required to take further futile steps in state court in order to be heard in federal court," even if the state court subsequently decides his appeal. *Simmons v. Reynolds*, 898 F.2d 865, 867-68 (2nd Cir. 1990); *see also Lucas v. MI, supra.*

Respondent argues that Turner's parole and the decision of the state court of appeals affirming Turner's conviction while his appeal to this Court was pending render his *habeas* claims moot. We reject this argument.

First, the mere fact that a defendant has been paroled does not render *habeas* relief unavailable; as long as his liberty is curtailed by the conditions of his parole, Turner can be granted *habeas corpus* relief. *Jones v. Cunningham*, 371 U.S. 236 (1963); *Jago v. Van Curen*, 454 U.S. 14, 21 n. 3 (1981). Although Turner has been released from custody on parole, he has not been pardoned and collateral consequences of his conviction remain. Therefore, this case is not moot. *See Evitts v. Lucey*, 489 U.S. 387, 391 n. 4 (internal citations omitted).

Second, in *Simmons*, *supra*, the Court of Appeals for the Second Circuit held that a state court's hearing of an appeal does not moot a *habeas* petition such as Turner's because the impact of the delay and failures of counsel has not been addressed:

> A state court's hearing of an appeal does not moot a habeas petition based on a claimed denial of due process of the petitioner's right to appeal because it does not resolve the fundamental issue raised: whether delay or ineffective assistance of counsel violated the petitioner's right to an adequate and effective appeal...Thus, despite his appeal having been decided, Simmons was entitled to a habeas determination of whether his appeal was no more than a "meaningless ritual," entitling him to release, to rehearing of his appeal, or to some other remedy.

*Simmons*, 898 F.2d at 867 (citing *Mathis v. Hood*, 851 F.2d 612, 615 (2nd Cir. 1988)); *see also Burkett v. Cunningham,* 826 F.2d 1208, 1218 n.31 ("Even if [petitioner's] appeal can now proceed in [state court], we believe that [he] has waited long enough for the state court system to act and may properly seek relief in federal court."); *West v. Louisiana*, 478 F.2d 1026, 1034 (5th Cir. 1973) ("West's constitutional rights were plainly violated by the complete inadequacy of the representation accorded to him at his state trial. We see no reason to delay longer in vindicating these rights.").

In *Harris v. Champion*, *supra*, the Tenth Circuit held that an inordinate delay in state court cannot "be overcome by a present exercise of diligence and treated as if it had not occurred." *Harris*, 938 F.2d at 1066. This case is similar to *Harris* because the Ohio court of appeals did not exercise any diligence as to Turner's appeal until after Turner filed a federal *habeas corpus* petition. The decision was issued after his federal *habeas* petition had been denied by the district court.

The failure of federal courts to excuse the exhaustion requirement in a case such as Turner's would allow state courts to postpone hearing any criminal appeal indefinitely until such time as the defendant found their way into federal court via *habeas corpus*. Such procedures would insulate all violations of federal constitutional rights from federal *habeas* review. "Any such rule would mean that [a] defendant may be freely given improper consideration until the system [i]s caught out." *Harris*, 938 F.2d at 1066 (internal citations omitted).

The error presented to this Court is that of the district court, which should have considered the merits of Turner's petition in light of the state court's failure to do so. Under the circumstances, the district court should have excused the exhaustion requirement and considered Turner's petition for *habeas corpus* on the merits. The exhaustion "clock" stopped ticking in state court no later than when Turner's direct appeal was dismissed for failure to prosecute because such failure can only be attributed to Turner's appointed attorneys and the State of Ohio. While we cannot turn back the clock to the time following the district court's dismissal of Turner's *habeas* petition but prior to the state court's affirmance of his conviction, we can determine what relief Turner was entitled to in the first instance.

## B. Remedy

Turner suggests that the typical *habeas* remedies for unconstitutional delay, including release from confinement or an order directing Ohio to adjudicate his appeal, would not suffice to remedy any possible deprivation of constitutional rights in this case.

Turner also argues that he should be allowed leave to amend his complaint to seek damages under 42 U.S.C. § 1983, the approach favored in the Second Circuit. *See Simmons v. Reynolds*, 708 F.Supp. 505, 510 (E.D.N.Y. 1989); *see also Cody v. Henderson*, 905 F.2d 652, 654 (2nd Cir. 1990).

We further note that under certain circumstances, inordinate delay or deprivation of access to the appellate process renders the appeal worthless such that a petition for *habeas corpus* may be unconditionally granted. *See Ward v. Wolfenbarger*, 340 F.Supp.2d 773 (E.D. Mich. 2004) (Tarnow, J.); *see also Hannon v. Maschner*, 981 F.2d 1142, 1144-45 (10th Cir. 1992) (Holding that after finding that the *habeas* petitioner lost his opportunity to file a direct appeal in the state courts due to the ineffective assistance of appellate counsel, the district court did not abuse its discretion in granting an unconditional writ of *habeas corpus*).

28 U.S.C. § 2243 confers federal courts with the discretion to dispose of *habeas corpus* matters and tailor remedies "as law and justice require." Because the ineffective assistance rendered by Turner's attorneys in state court deprived him of an opportunity to pursue a meaningful direct appeal from his conviction, we hold that law and justice require that Turner's petition for *habeas corpus* be unconditionally granted. We expressly decline to allow Turner to convert his *habeas* petition to a 42 U.S.C.§ 1983 action.

## IV. Conclusion

For the foregoing reasons, we REVERSE the judgment of the district court denying the writ of *habeas corpus* and GRANT an unconditional writ of *habeas corpus*.

---

### CONCURRING IN PART, DISSENTING IN PART

---

RALPH B. GUY, JR., Circuit Judge, concurring in part and dissenting in part. I concur in the decision to vacate the dismissal of Turner's habeas petition for failure to exhaust his state remedies because I agree that the failure to exhaust should have been excused as a result of inordinate delay in his direct appeal that was not attributable to him. 28 U.S.C. § 2254(b)(1)(B); *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992). By any estimation, at the time the district court dismissed Turner's petition, the complete failure by a succession of appointed counsel to file any claims of error or a brief in support of Turner's direct appeal for more than eight years was excessive and the record does not indicate that the delay was attributable to Turner or was otherwise excusable.

Moreover, the district court's refusal to excuse exhaustion because there were state remedies available misses the point. It is true that most cases have involved state criminal appeals that languished without decision, leaving the petitioner in a "limbo," while in this case there was a judgment entered by the Ohio Court of Appeals from which Turner could have appealed. That judgment, however, was simply a dismissal without prejudice such that a successful appeal would simply have returned petitioner to that "limbo." Nor would a Rule 26(b) motion to reopen cure the appellate delay because it is the vehicle for presenting claims of ineffective assistance of appellate counsel; here, the complete failure to present any claims or prosecute the direct appeal.

Further, I agree that the intervening decision resolving Turner's direct appeal on the merits does not render this appeal moot. That decision did not address his claims of inordinate delay and ineffective assistance of counsel in his direct appeal. While it is not clear whether a due process right to "speedy appeal" may be the basis for habeas relief (since it has not been recognized by the Supreme Court), or whether Turner can demonstrate actual prejudice to the appeal arising from the delay, *Harris v. Champion*, 15 F.3d 1538, 1566 (10th Cir. 1994), the only issue presented by the certificate of appealability was the dismissal for failure to exhaust state remedies. As such, although I agree that the dismissal should be vacated, I would remand for further consideration of Turner's habeas petition. For this reason, I dissent from the decision granting Turner an unconditional writ of *habeas corpus*.

Lastly, Turner asks that we remand to the district court to allow him to "recast" the habeas petition as an action for damages under 42 U.S.C. § 1983. *See Cody v. Henderson*, 936 F.2d 715, 723 (2d Cir. 1991). While this court has not endorsed this procedure, Turner has certainly been free to bring an action under § 1983, subject to defenses of absolute or qualified immunity, seeking redress from the appropriate defendants. *See Simmons v. Reynolds*, 898 F.2d 865, 869 (2d Cir. 1990) (expressing no view on who might be appropriate defendants or whether any might be entitled to immunity in a separate suit for damages). Given the limited scope of this appeal, the fact that the intervening decision has substantially altered the landscape of the case, and the fact that Turner has not explicitly abandoned any of his habeas claims, I concur in the decision declining to allow Turner to convert his "speedy appeal" claim to a cause of action for damages under § 1983.