**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0245n.06

No. 09-3704

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

***Mar 01, 2012***

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| JOSE E. ORTIZ, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| JEFFREY WOLFE, Warden, | ) | OHIO |
| | ) | |
| Respondent-Appellee. | ) | **OPINION** |
| | ) | |

**Before: GRIFFIN and KETHLEDGE, Circuit Judges; and THAPAR[*], District Judge.**

**AMUL R. THAPAR**, District Judge. Jose E. Ortiz appeals the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Because Ortiz has not exhausted his remedies in the Ohio courts, we affirm.

**I.**

On January 22, 2007, Ortiz pled guilty to two counts of receiving stolen property and two counts of robbery in the Franklin County Court of Common Pleas. That court sentenced him to three years of imprisonment for each count of robbery and eighteen months for each count of receiving stolen property, to be served concurrently, plus three years of post-release control. Judgment, R. 10-2 at 30.

---

[*]The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

After sentencing, Ortiz did not appeal his conviction. Instead, he filed a petition with the state trial court to set aside its judgment, alleging that he suffered from ineffective assistance of counsel when he decided to plead guilty. That court denied his petition, concluding that Ortiz's claims were barred because he had not raised them at trial or on direct appeal. Ortiz attempted to appeal that decision, but the Ohio Court of Appeals dismissed his claim because he did not pay the filing fee or file an affidavit of indigency.

Ortiz then filed this federal habeas petition on January 31, 2008, claiming three grounds for relief: two claims related to ineffective assistance of counsel and one alleging a due process violation based on *Franks v. Delaware*, 438 U.S. 154 (1978). A magistrate judge recommended that Ortiz's petition be dismissed as unexhausted, and the district court adopted that recommendation.

## II.

Two bedrock principles of federal habeas practice control this case. First, "habeas corpus should not do service for an appeal." *Brown v. Allen*, 344 U.S. 443, 503 (1953) (separate opinion of Frankfurter, J.). Second, "federal courts must withhold interference with State criminal justice until every opportunity available in the State courts for the vindication of a federal right has been exhausted." *Darr v. Burford*, 339 U.S. 200, 220 (1950) (Frankurter, J., dissenting); *see also* 28 U.S.C. § 2254(b)(1)(A) ("An application for writ of habeas corpus . . . shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State."). Ortiz has asked for federal habeas relief without first pursuing an appeal in the Ohio courts, so his claims are unexhausted and were properly dismissed.

Ortiz freely admits that he has not filed an appeal in the Ohio courts. Instead, he argues that the usual exhaustion requirements do not apply because no state "corrective process" is available to him. 28 U.S.C. § 2254(b)(1)(B)(i); Appellant's Br. at 12. Whether a state corrective process is still available to Ortiz turns on whether he can pursue a direct appeal, albeit a delayed one. Defendants in Ohio normally have thirty days after sentencing to file an appeal. Ohio R. App. P. 4(A). But if a state appellate court finds that a prisoner had good cause for failing to appeal within the thirty-day window, that court can grant him the right to file a delayed direct appeal. Ohio R. App. P. 5(A); *see also Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011) ("[T]he Ohio courts had discretion under Rule 5(A) to permit Petitioner's delayed appeal."). Ortiz argues that he is ineligible for this exception because his claims depend on evidence outside the record, which Ohio courts cannot consider on direct appeal. Appellant's Br. at 11.

Ortiz is mistaken on this point. At least some of his claims can be resolved on the record as it now stands. Take, for example, the first subpart of Ortiz's first habeas claim. In this subpart, Ortiz alleges it was ineffective assistance for his trial counsel to allow him to plead guilty to two "allied offenses," namely, two counts of robbery that stemmed from the same 2005 incident at a Fifth Third Bank in Columbus, Ohio. *See* Pet., R. 10-2 at 38-39. An ineffective assistance claim requires a defendant to show that his attorney's performance was constitutionally deficient and that he was prejudiced as a result. *Foust v. Houk*, 655 F.3d 524, 533 (6th Cir. 2011) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

Ohio's courts can determine whether Ortiz's attorney was deficient by considering whether any "allied offense" objection could have been successful. Ohio prohibits a court from convicting

a defendant on "two or more allied offenses of similar import," Ohio Rev. Code § 2941.25(A), and two offenses are allied when they "correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the othe[r]." *State v. Johnson*, 942 N.E.2d 1061, 1070 (Ohio 2010). Two offenses are not allied if committing one offense does not result in committing the other, if the offenses are committed separately, or if the defendant has a separate animus for each offense. *Id*. The record shows that Ortiz was charged with one count of robbery for each victim at the Fifth Third Bank: one against Daniel Raterman and one against Calvin Maina. 2005 Indictment, R. 10-1 at 6-7. If a defendant's conduct generates multiple victims, he has a separate animus toward each victim and he may be convicted of multiple offenses. *State v. Young*, 2011 WL 579161, at *4 (Ohio Ct. App. Feb. 18, 2011) (citing *State v. Skaggs*, 2010 WL 4397990 ¶ 7 (Ohio Ct. App. Nov. 5, 2010)). Because Ortiz committed two offenses with two separate animi, the Ohio courts have all the information they need to determine the effectiveness of Ortiz's counsel.

The same problem hobbles Ortiz's argument that a court cannot, based on the current record, determine whether his trial counsel was ineffective for failing to object to the two counts of receiving stolen property. *See* Appellant's Br. at 30. Ortiz pled guilty to receiving the stolen credit cards of two different individuals on two different days in 1993. *See* 1994 Indictment, R. 10-1 at 1-4; Judgment, R. 10-2 at 28-29. That information alone is sufficient for Ohio courts to determine whether these offenses were "allied," and thus whether his counsel's performance was deficient. A federal court may not consider a habeas petition with even one unexhausted claim, *Rose v. Lundy*,

455 U.S. 509, 510 (1982), and Ortiz has at least two. He must therefore return to the Ohio courts before pursuing federal habeas relief.

Ortiz also argues that a delayed direct appeal would be futile, making any state corrective process effectively unavailable to him. Appellant's Br. at 35-40. Admittedly, Ortiz may only have a slim chance of success on direct appeal. But an improbable argument is not automatically futile. Under Rule of Appellate Procedure 5(A), Ohio courts have the discretion to permit a delayed direct appeal, no matter how long a prisoner has waited. *See, e.g.*, *Stone*, 644 F.3d at 348. Ortiz claims *Turner v. Bagley*, 401 F.3d 718 (6th Cir. 2005), supports his argument. But that case dealt with a prisoner whose state-court appeal languished for "nearly eleven years without meaningful attention." *Id.* at 726. The *Turner* petitioner did everything he could to comply with the state court's procedures yet the state failed to consider his claims. Ortiz, by contrast, did not file an appeal. He must at least give Ohio's courts a chance to decide an appeal before declaring it an exercise in futility.

Because at least one of Ortiz's claims is unexhausted, the district court properly concluded it could not consider his petition. *Rose*, 455 U.S. at 510. Once it reached that conclusion, the district court had the option of staying Ortiz's petition until he could exhaust his state-court remedies. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005). But a stay is only appropriate when "there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. Ortiz has no such excuse. Both Ohio and federal courts advised him to pursue a delayed direct appeal, and he declined to do so. *See* Rep. & Rec., R. 17 at 10 (citing orders). The district court was right to dismiss Ortiz's petition in its entirety.

### III.

Lastly, we need not decide whether the procedural default doctrine blocks Ortiz's habeas petition. Procedural default bars exhausted claims that the prisoner failed to present properly to the state courts, thereby denying them a fair opportunity to pass on his claims. *See Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000). Ortiz has not given the Ohio courts any chance to consider his claims, let alone a fair chance. Accordingly, there is no need to consider the question of procedural default.

For these reasons, the judgment of the district court is **AFFIRMED**.