DLD-181                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1074
_____

JOHN CERVERIZZO,

                                                Appellant

v.

JOHN YOST, Warden, FCI Loretto

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-09-cv-00286)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 29, 2010

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges

(Opinion filed: May 14, 2010)
_____

OPINION
_____

PER CURIAM

        John Cerverizzo, a federal prisoner proceeding pro se, appeals from the District

Court's dismissal of his habeas corpus petition for failure to exhaust administrative

remedies.  For the reasons that follow, we will vacate and remand.

Cerverizzo is currently serving a 70-month sentence for conspiracy to possess cocaine with intent to distribute, 21 U.S.C. § 846. Bureau of Prisons ("BOP") staff interviewed Cerverizzo in August 2009, and recommended that he be allowed to serve the final 150 to 180 days of his term of imprisonment in a halfway house.

In September 2009, Cerverizzo challenged the BOP's decision by filing an internal administrative remedy informal resolution form. Cerverizzo disagreed with BOP's recommendation and requested to serve twelve months in a halfway house, the full amount allowed under the Second Chance Act. See 18 U.S.C. § 3624. Relief was denied, and Cerverizzo appealed to the Warden. He argued that it appeared that BOP was violating the Second Chance Act by implementing a policy that categorically limits its recommendations to a maximum of six months, as opposed to the full one-year placement. The Warden denied Cerverizzo's administrative appeal on October 13, 2009. Cerverizzo did not administratively appeal the decision further.

Instead, in November 2009, Cerverizzo filed the current habeas petition under 28 U.S.C. § 2241 challenging the BOP's decision and general policy. He acknowledged his failure to exhaust administratively, and requested that the District Court excuse exhaustion as futile. Cerverizzo argued that because BOP issued the decision and policy he challenges, the BOP would likely deny his administrative grievance. Thus, he asserted, any further administrative exhaustion would have been futile.

The Magistrate Judge found Cerverizzo's argument unavailing and recommended

dismissing Cerverizzo's § 2241 petition for failure to exhaust available administrative remedies. The Magistrate Judge stated "[t]here is no 'futility' exception to the exhaustion of administrative remedies." (Report at p. 4 n.2.) In addition, the Report noted that if Cerverizzo was unsuccessful in the appeals process, he "can obtain review on the merits when his administrative appeals are concluded." (Id. at 4.) By order entered December 16, 2009, and over Cerverizzo's objections, the District Court adopted the Magistrate Judge's Report and Recommendation and dismissed the petition without prejudice. Cerverizzo timely appealed.[1]

Ordinarily, we require federal prisoners to exhaust administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). However, we have held that the administrative exhaustion requirement in this context may be excused if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 239 n.2 (3d Cir. 2005); Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986); Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J., concurring).

To the extent the Magistrate Judge based his decision on the belief that no futility exception exists when reviewing a § 2241 petition, we disagree. Moreover, the

---

[1] We have appellate jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a), and review the District Court's ruling de novo. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

Magistrate Judge's decision to dismiss without prejudice to allow Cerverizzo to pursue the administrative appeals process gives false hope. Given the time constraints set forth in the BOP's regulations, any further administrative appeal would be rejected as untimely because Cerverizzo did not appeal the Warden's response within 20 calendar days of October 13, 2009. See 28 C.F.R. § 542.15(a). Thus, the District Court's dismissal without prejudice effectively forecloses any further judicial or administrative review.

For these reasons, we will vacate the District Court's dismissal and remand with instructions to consider whether exhaustion should be excused, and if so, to consider Cerverizzo's claims on the merits. See Woodall, 432 F.3d at 239 n.2; Strong v. Schultz, 599 F. Supp. 2d 556 (D.N.J. 2009). In addition, the docket reveals that the government was never served with Cerverizzo's petition. The District Court may wish to consider eliciting a response from the BOP before proceeding further in this matter.