BLD-010                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3556
_____

IN RE:  JOHNNIE DELANTRO YOUNG,
                                                              Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 10-cv-06112)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 14, 2011
Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Filed: October 21, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Johnnie Delantro Young has filed a pro se petition for a writ of mandamus seeking

to compel the United States District Court for the Eastern District of Pennsylvania to rule

on his pending habeas petition.  For the following reasons, we will deny the mandamus

petition.

        Issuance of a writ of mandamus is an appropriate remedy in extraordinary

circumstances only.  Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985).  Its main purpose

is "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to

compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943). To justify the Court's use of this remedy, a petitioner must demonstrate that he has a "clear and indisputable" right to the writ. Kerr v. United States District Court, 426 U.S. 394, 403 (1976). The manner in which a court controls its docket is discretionary. In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982). Given the discretionary nature of docket management, there can be no clear and indisputable right to have the district court handle a case on its docket in a certain manner. See Allied Chemical Corp. v. Daiflon, 449 U.S. 33, 36 (1980). Nevertheless, an appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

In this case, Young filed his habeas petition in November 2010. That petition challenged his September 2008 conviction and aggregate 5 to 10 year prison sentence. In December 2010, the matter was referred to a Magistrate Judge. After the Magistrate Judge granted one extension of time, the Commonwealth filed its answer on March 15, 2011. Young filed his reply on March 28, 2011. Most recently, on September 28, 2011, the Magistrate Judge denied as moot Young's contention that the Commonwealth had not responded to his habeas petition and had not submitted a copy of the state court record.

Thus, it appears that Young's habeas petition has been ripe for disposition since the end of March 2011. Nevertheless, we do not believe that the delay is so lengthy as to

justify our intervention at this time. We are confident that the Magistrate Judge and the District Court will rule on the habeas petition without undue delay.

For the foregoing reasons, Young's petition for a writ of mandamus will be denied.