GLD-133                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1529
_____

IN RE:  JOHNNIE D. YOUNG,
                                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 10-cv-06112)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 8, 2012

Before: FUENTES, GREENAWAY, JR. AND NYGAARD, Circuit Judges

(Opinion filed:  March 14, 2012)
_____

OPINION
_____

PER CURIAM

Johnnie D. Young seeks a writ of mandamus directing the United States District

Court for the Eastern District of Pennsylvania to rule on his pending habeas petition.  For

the following reasons, we will deny the mandamus petition.

Issuance of a writ of mandamus is an appropriate remedy in extraordinary

circumstances only.  Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985).  Its main purpose

1

is "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943). To justify the Court's use of this remedy, a petitioner must demonstrate that he has a "clear and indisputable" right to the writ. Kerr v. United States District Court, 426 U.S. 394, 403 (1976). Although an appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), the manner in which a court controls its docket is discretionary. In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982). Given the discretionary nature of docket management, there can be no clear and indisputable right to have the district court handle a case on its docket in a certain manner. See Allied Chemical Corp. v. Daiflon, 49 U.S. 33, 36 (1980).

In November 2010, Young filed a petition pursuant to 28 U.S.C. § 2254, challenging his September 2008 conviction and aggregate 5 to 10 year prison sentence. The matter was referred to a Magistrate Judge in December 2010. After the Magistrate Judge granted one extension of time, the Commonwealth filed its answer on March 15, 2011. Young filed his reply on March 28, 2011. Since that time, Young has continued to file documents with the District Court in support of his § 2254 petition.

In September 2011, Young filed a mandamus petition, seeking to compel the District Court rule on his pending habeas petition. We denied the petition, noting that we were "confident that the Magistrate Judge and the District Court will rule on the habeas petition without undue delay." In re Young, No. 11-3556, 2011 WL 5024164, at *1 (3d

2

Cir. Oct. 21, 2011). Most recently, on February 29, 2012, the Magistrate Judge granted Young's request to have certain documents considered in connection with his § 2254 petition.

As we noted in our prior decision, Young's habeas petition has been ripe for disposition since March 2011. This delay is not insignificant and raises some concern.[1] See Madden, 102 F.3d at 79. Notably, however, the Magistrate Judge's order of February 29, 2012, suggests that an adjudication of Young's § 2254 petition is forthcoming. Indeed, we are confident that Magistrate Judge will issue a Report and Recommendation in a timely fashion.

For the foregoing reasons, Young's petition for a writ of mandamus will be denied.

---

[1] In his present mandamus petition, Young suggests that he is eligible for parole on July 24, 2012, and expresses concern that, if released, his habeas petition will become moot. Generally, however, a case or controversy exists where a habeas petitioner attacks the underlying conviction even if he is released prior to a determination of the merits of the pending petition. Carafas v. La Vallee, 391 U.S. 234, 237 (1968); see also Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) ("It is … clear that being on probation meets the 'in custody' requirement for purposes of the habeas statute.").